## N. L. ARD v. ALEXANDER BRANDON.

PREËMPTION — *Homestead* — *No Double Claim.* Where a person makes a preëmption filing upon eighty acres of public land, and claims the same under the preëmption law, he cannot, before final proof, claim another eighty acres of land under a homestead entry, as residence is essential both under the preëmption and homestead laws.

*Error from Allen District Court.*

THE opinion states the case.

*A. L. Allen,* for plaintiff in error; *William Lawrence,* of counsel.

*Hutchings & Keplinger,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Alexander Brandon against N. L. Ard, to recover the possession of the north half of the northeast quarter of section 11, township 26, range 20, in Allen county. At the June term, 1889, judgment was rendered for the plaintiff and against the defendant, and Ard brings the case here. Brandon claims title to the land through conveyances under a patent issued by the state of Kansas to the Missouri, Kansas & Texas Railroad Company on the 19th day of May, 1873. The railroad company filed its map of location on December 6, 1866. The land was actually selected by the Missouri, Kansas & Texas Railroad and the Leavenworth, Lawrence & Galveston Railroad on the 8th day of August, 1872. This selection was approved on April 10, 1873, under the act of congress of March 3, 1863. The land was selected as indemnity land, and is over twelve miles from both roads.

In view of the recent decisions of *Burnham v. Starkey*, 41 Kas. 604, and *Ard v. Pratt*, just decided, but little need be said in this case. Ard claims to have settled upon the land in July, 1866. On the 14th of July, 1866, he went to the local land office at Humboldt, and made his application to homestead the same, and tendered the fees. The register, Watson Stewart, informed him that the land was situated within the granted limits of the railroad, and that he could homestead eighty acres only. Instead of homesteading or filing upon the land in dispute, he made a preëmption filing on the west half of the southeast quarter of section 2, township 26, range 20, being eighty acres. The land in controversy had already been withdrawn under the act of congress of March 3, 1863. (*Neer v. Williams*, 27 Kas. 58, 59.)

It is not necessary in this case to determine whether the withdrawal was valid or not. (See, however, 5 Land Dec. 655; *Clements v. Warner*, 24 How. 394; *Bullard v. Des M. Rld. Co.*, 7 S. C. Rep. 1151; *Wolsey v. Chapman*, 101 U. S. 755–769.)

After having the conversation with the register, Ard elected

to preëmpt another eighty acres of land. He did not insist upon his right to take the one hundred and sixty acres. He took no appeal as to this land. He therefore abandoned the land as a homestead and initiated a preëmption upon another eighty acres. Residence is essential under both the preëmption and homestead laws. As Ard claimed another eighty acres under preëmption, he could not, at the same time and before final proof, claim the land in dispute as a homestead. (*Krich-baum v. Perry*, 5 Land Dec. 403.) After his preëmption filing failed upon the west half of the southeast quarter of said section 2, on account of his non-compliance with the law, it was too late to make a homestead settlement upon this land. It had already been selected by the railroad company. The rights of that company had intervened to his prejudice, even if the prior withdrawal was not valid.

The judgment of the district court will be affirmed.

All the Justices concurring.